```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America,                       98-CV-7025
                              Plaintiff,        (CPS)(SMG)

     - against -

Leon Jean-Baptiste,                             MEMORANDUM
                                                OPINION & ORDER
                              Defendant,

Transit Facility Management Corp.,
                              Garnishee.

----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff, the United States of America ("United States"), commenced this action against defendant, Leon Jean-Baptiste ("Jean-Baptiste"), in order to collect payment on a student loan in default on behalf of the United States Department of Education ("Department of Education"). On January 19, 1999, default judgment was entered against defendant. A writ of garnishment against the property of Jean-Baptiste in the custody, control, or possession of garnishee, Transit Facility Management Corporation ("Transit Facility") was issued by the clerk of the court on January 31, 2006. After Transit Facility failed to submit an answer to the writ of garnishment, plaintiff moved for and this Court issued an order requiring Transit Facility to appear before the undersigned. Now before the Court is plaintiff's motion pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C.

§ 3205(c)(6),[1] for an entry of judgment against Transit Facility for the amount owed by Jean-Baptiste plus interest from the date of service of the writ; or in the alternative, an order (1) holding Transit Facility in contempt of court for failing to respond to and comply with the ordered writ of garnishment, (2) requiring Transit Facility to provide an answer to the writ, and (3) granting legal fees to plaintiff's counsel.  For the reasons set forth below, plaintiff's motion for entry of judgment against Transit Facility is granted and the motion for a contempt order against Transit Facility is denied.

**BACKGROUND**

The following facts are drawn from plaintiff's submissions in connection with this motion.  Because the defendant and garnishee never answered the complaint and writ of garnishment, and neither party has filed an opposition to this motion, the

---

[1] 28 U.S.C. § 3205(c)(6) states:

> If a garnishee fails to answer the writ of garnishment or to withhold property in accordance with the writ, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date.  If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings).  The court may award a reasonable attorney's fee to the United States and against the garnishee if the writ is not answered within the time specified therein and a petition requiring the garnishee to appear is filed as provided in this section.

28 U.S.C. § 3205(c)(6).

facts presented by plaintiff are assumed to be true for purposes of this motion.

On or about May 3, 1985, defendant, Jean-Baptiste, executed a promissory note to secure a student loan in the amount of $2,500 at a per annum eight percent interest rate from Citibank. The loan was guaranteed by Northstar Guarantee, Inc. ("Northstar") and then reinsured by the Department of Education. Jean-Baptiste defaulted on the loan on October 11, 1986 and Citibank filed a claim on the guarantee. Northstar paid a claim in the amount of $2,654.96 and was reimbursed by the Department of Education. Northstar assigned its right and title to the loan to the Department of Education on May 7, 1993.

Plaintiff filed a complaint against defendant, Jean-Baptiste, on November 19, 1998 to collect payment in the amount of $5,147.84 ($2,654.96 in principal and $2,492.88 interest accrued through October 30, 1998) plus interest at the rate of eight percent per annum after October 30, 1998 to the date of judgment and interest from the date of judgment at the legal rate in effect on that date. Defendant did not answer the complaint.

On January 5, 1999, plaintiff filed a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a)[2] in the amount of $5,184.39 (principal plus interest

---

[2] Federal Rule of Civil Procedure 55(a) states in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by

through January 5, 1999 at the legal rate) plus interest at the rate of 4.513 percent per annum from the date of judgment. An order of default judgment was entered by the Clerk of the Court against defendant on January 19, 1999.

Six years later, on January 27, 2006, plaintiff filed an application for a writ of garnishment pursuant to 28 U.S.C. § 3205(a).[3] As of the date of the application, defendant owed plaintiff $7,108.55. Plaintiff requested that the garnishment be issued on Transit Facility, defendant's employer. The writ of garnishment was issued by the Clerk of the Court on January 31, 2006 and was personally served on Transit Facility's authorized agent on March 7, 2006. As required by 28 U.S.C. § 3205(c)(2)[4], Transit Facility was to provide an answer in writing and under

---

> these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. Pro. 55(a).

[3] 28 U.S.C. § 3205(a) states in relevant part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. . . A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).

28 U. S.C. §1305(a).

[4] 28 U.S.C. § 3205(c)(2) states in relevant part:

> The writ shall state . . . [t]hat the garnishee shall answer the writ within 10 days of service of the writ.

28 U.S.C. § 3205(c)(2)

oath within ten days of service regarding its custody, control or possession of any property owned by the defendant, including non-exempt, disposable earnings. Transit Facility did not answer the writ of garnishment.

On October 26, 2006, plaintiff informed Transit Facility in writing that if it failed to respond to the writ within ten business days, plaintiff would seek a court order holding it responsible for payment of the judgment. Plaintiff then faxed Transit Facility on November 2, 2006. On January 8, 2007, plaintiff's counsel spoke with a Human Resources representative at Transit Facility and faxed another copy of the papers to Transit Facility on January 9, 2007. On January 24, 2007, plaintiff's counsel re-faxed the documents and on March 20, 2007, plaintiff's counsel spoke with an unidentified individual at Transit Facility and was informed that the answer would be completed by the end of the week. On April 24, 2007, plaintiff filed a motion with the Court for an order requiring Transit Facility to appear and show cause for its failure to file an answer and to enter judgment against Transit Facility. On August 8, 2007, plaintiff filed a motion for an order to hold Transit Facility in contempt of court for failing to answer the writ of garnishment and an entry of judgment against Transit Facility. On September 20, 2007, plaintiff filed an amended motion seeking entry of judgment against Transit Facility or a contempt order in

the alternative. On October 9, 2007, this Court issued an order to show cause directing Transit Facility to appear before the undersigned on October 25, 2007 and warning Transit Facility that failure to appear would result in the entry of judgment against it in the amount of $7,108.55 plus interest from the date of service of the writ. Transit Facility did not appear before the undersigned on October 25, 2007.

## DISCUSSION

Under 28 U.S.C. § 3205(c)(6), this Court has the authority to enter judgment against Transit Facility for the value of Jean-Baptiste's property because Transit Facility failed to comply with this Court's order to appear before the undersigned on October 25, 2007. *See* 28 U.S.C. § 3205(c)(6).

Because Transit Facility failed to respond to the writ and has not shown good cause for its failure to comply, an entry of judgment against Transit Facility for $7,108.55 plus interest from the date of service of the writ is appropriate. Accordingly, plaintiff's motion for the entry of judgment against Transit Facility is granted.

Plaintiff is also entitled to a surcharge of ten percent of the amount of the debt due pursuant to 28 U.S.C. § 3011,[5] to

---

[5] 28 U.S.C. § 3011 provides in pertinent part that:

> (a) In an action or proceeding under Subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of

cover attorney's fees, calculated as of the date of this judgment. *See U.S. v. George*, 144 F.Supp.2d 161, 166 (E.D.N.Y. 2001). Accordingly, plaintiff is awarded a surcharge equal to ten percent of the judgment entered against Transit.

<u>Contempt of Court</u>

In the alternative, defendant moves for an order pursuant to 28 U.S.C. § 3205(c)(6), holding Transit Facility in contempt of court for its failure to respond to the writ of garnishment. 28 U.S.C. § 3205(c)(6) does not provide a means by which this court can hold Transit Facility in contempt. In order to hold Transit Facility in contempt of court, plaintiff was required to move for an order pursuant to Local Rule 83.9.[6] In the event that plaintiff had made a procedurally correct motion for an order of contempt against Transit Facility, the motion would be denied.

To establish contempt, a movant must show: (1) a clear and

---

> processing and the handling of litigation and enforcement under this chapter of the claim for such debt.

28 U.S.C. § 3011(a).

[6] Local Rule 83.9(a) states in relevant part:

> A proceeding to adjudicate a person in civil contempt . . . shall be commenced by the service of a notice of motion or order to show cause. The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party. A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage.

Local Civil Rule 83.9.

unambiguous order; (2) clear and convincing proof of non-compliance; and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *Perez v. Danbury Hosp.*, 347 F.3d 419, 423-24 (2d Cir. 2003).[7] The decision to hold a party in contempt is within the discretion of the district court. *See Dunn v. New York State Dept. of Labor*, 47 F.3d 485, 490 (2d Cir. 1995).

"A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, ... who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). The clarity of an order is determined with reference to the conduct in question. *Perez*, 347 F.3d at 424.

Here, the writ of garnishment served on Transit Facility clearly stated that it was "required by law to answer in writing, under oath, within ten (10) days, whether or not you have in your custody, control or possession, any property owned by the defendant, including non-exempt, disposable earnings" and that the written answer must be submitted to the Clerk of the Court. Thus, the writ of garnishment stated in clear and unambiguous terms Transit Facility's obligations under the law.

---

[7] Plaintiff does not apply this three-pronged test to the facts of the case. Nevertheless, I examine the evidence in the record in order to determine whether Transit Facility meets the requirements for an order of contempt to be entered against it.

This Court is not in receipt of Transit Facility's answer, as required by the writ. Accordingly, there is clear and convincing proof that Transit Facility has not replied to the writ of garnishment.

Transit Facility communicated with plaintiff in January and March 2007 regarding its answer to the writ of garnishment, but failed to furnish the court with the required answer. Transit Facility has been in receipt of the writ of garnishment for more than one year and has provided no explanation for its delay nor has it submitted any information to the Court. Accordingly, Transit Facility has not attempted to comply in a reasonable manner with the Court issued writ of attachment.

Although the grounds for a contempt order have been established, the imposition of a civil contempt order is not required to achieve the outcome sought by plaintiff. Because the Federal Debt Collection Procedures Act provides for a course of action in the event that a garnishee does not answer a writ of garnishment, and plaintiff has chosen to pursue such an action, an order holding Transit Facility in contempt of court is not the appropriate remedy. Accordingly, plaintiff's motion for a contempt order against Transit Facility is denied.[8]

---

[8] In its contempt motion, plaintiff's counsel seeks attorney's fees in the amount of $750. An "... attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records. These records should specify, for each attorney, the date, hours expended and the nature of the work. *New York State Ass'n for Retarded Children, Inc., v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Plaintiff's

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for the entry of judgment against garnishee, Transit Facility, is granted and plaintiff's motion for an order holding Transit Facility in contempt of court is denied.

The clerk is directed to enter judgment in favor of the United States of America and against Transit Facility Management Corp. in the amount of $7,108.55 plus a ten percent surcharge for attorney's fees, for a total amount of $7,819.41 with interest from the date of entry of judgment, and to transmit a copy of the within to the parties and to the magistrate judge.

SO ORDERED.

Dated :   Brooklyn, New York
          October 25, 2007

                    By:  /s/ Charles P. Sifton (electronically signed)
                                        United States District Judge

---

counsel makes a request for $750 without providing any time records or explaining how it has reached this amount. Accordingly, had the contempt order been granted, the request for attorney's fees would have been denied.